DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal comes to us from a judgment issued by the Toledo Municipal Court which found appellant guilty of aggravated menacing, a violation of R.C. 2929.03.
 {¶ 2} Counsel appointed to pursue appellant's appeal has filed a brief and motion requesting withdrawal as appellate counsel, pursuant to the guidelines established in Anders v. California (1967), 386 U.S. 738. Counsel states that, after careful review of the record and legal research, she cannot discern any "arguable, non-frivolous issue for *Page 2 
appeal." Anders, supra, at 744. Counsel further states that she has advised appellant of his right to file a brief on his own behalf, and that a copy of both the brief and motion to withdraw have been served upon appellant. Appellant has filed no brief on his own behalf.
 {¶ 3} We are required, pursuant to Anders, supra, to thoroughly and independently review the record to determine that counsel has made a diligent effort and that the proceedings below were free from prejudicial error and conducted without infringement of appellant's constitutional rights.
 {¶ 4} Upon consideration, we conclude that counsel's brief is consistent with the requirements set forth in Anders, supra andPenson v. Ohio (1988), 488 U.S. 75. Counsel for appellant sets forth one potential assignment of error:
 {¶ 5} "The Trial Court erred to the prejudice of the Defendant/Appellant by sentencing him to serve the maximum sentence of six months for aggravated menacing."
 {¶ 6} The relevant facts in this appeal were presented in testimony to the court during a bench trial. Appellant, Clejuan Williams, then 19 years old, pled not guilty to a charge of aggravated menacing an adult female. The female victim testified that she had parked her vehicle in a convenience store parking lot, while family members went in to purchase some items. She stated that appellant approached her vehicle, pointed a small handgun at her, and asked if she wanted to buy some "crack." Because the victim knew appellant from the neighborhood, she stated that she was "astonished" that he would approach her. After appellant's friend pulled him away, the store owner came out to the *Page 3 
parking lot. The victim said she then left her vehicle, and said, "I will beat you up." She acknowledged that she was angry, and that she did not want him to bother her children. At her daughter's and sister's urging, she got back into her car. Ultimately, appellant left the scene and the victim filed a complaint.
 {¶ 7} Appellant testified that he did not approach the victim, that he did not have a firearm, and that he did not start a fight with the victim. He said that the victim had approached him and a friend where they had been standing and talking, Appellant said the victim, began yelling at him and threatening to "kill" him because she was upset about an altercation he had with her son two years before. He stated that he and his friend attempted to get away from the victim who kept threatening him. Appellant said that they walked all the way to a corner street before she stopped. He stated that he did not know she had called the police. Appellant's theory was that the victim had made the report to get back at him because of the two years earlier disagreement with her son.
 {¶ 8} Appellant's friend also testified, and essentially corroborated appellant's version of the events. On rebuttal, however, the victim reiterated that she did not follow appellant or his friend.
 {¶ 9} The court found appellant guilty of aggravated menacing. The court noted that appellant did not have a job and had a criminal history which included aggravated assault in 2003 as a juvenile, and a second aggravated assault in 2005, for which appellant had served 90 days incarceration. Appellant was also put on probation in 2005, for contributing to the unruliness and delinquency of a child, but violated the terms of *Page 4 
that probation. Based on appellant's prior criminal record, and his probation violation, the court sentenced appellant to six months incarceration and payment of the cost of prosecution.
 {¶ 10} We will now address the proposed assignment of error, which states that the trial court erred in imposing the maximum sentence on appellant.
 {¶ 11} After the Supreme Court of Ohio's decision in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, "[t]he judicial fact-finding that Comer mandated at sentencing hearings for consecutive or nonminimum sentences * * * no longer survives." State v. Mathis, 109 Ohio St.3d 54,2006-Ohio-855, at ¶ 26. In Foster, the Ohio Supreme Court excised the unconstitutional parts of Ohio's sentencing statutes, including Sections2929.14(C), 2929.19(B)(2), and 2929.41. Foster, 2006-Ohio-856, at ¶ 97. Thus, after Foster, "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at ¶ 100.
 {¶ 12} The trial court found appellant guilty of aggravated menacing, a misdemeanor of the first degree, and sentenced appellant to a term of six months incarceration. The statutory range for a prison sentence for first degree misdemeanor is "not more than one hundred eighty days." R.C. 2929.24(A)(1).
 {¶ 13} R.C. 2929.21 provides, in pertinent part:
 {¶ 14} "(A) A court that sentences an offender for a misdemeanor * * * violation of any provision of the Revised Code, * * * shall be guided by the overriding purposes of *Page 5 
misdemeanor sentencing. The overriding purposes of misdemeanor sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the impact of the offense upon the victim and the need for changing the offender's behavior, rehabilitating the offender, and making restitution to the victim of the offense, the public, or the victim and the public.
 {¶ 15} "(B) A sentence imposed for a misdemeanor or minor misdemeanor violation of a Revised Code provision or for a violation of a municipal ordinance that is subject to division (A) of this section shall be reasonably calculated to achieve the two overriding purposes of misdemeanor sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar offenses committed by similar offenders."
 {¶ 16} Based upon our review of the record, we conclude that the trial court was aware of and considered the overriding purposes of the misdemeanor sentencing scheme. In addition, although appellant received the maximum sentence permitted, since it is within the statutory range, under Foster, it is within the trial court's discretion. Therefore, appellant's proposed assignment of error is without merit.
 {¶ 17} In addition, we have conducted our own independent and thorough review of the record to determine whether the trial court proceedings were free from prejudicial *Page 6 
error and conducted without infringement of appellant's constitutional rights. We find no such error.
 {¶ 18} We conclude, therefore, that this case presents no arguable issues meriting review; we further determine this appeal to be without merit and wholly frivolous. Appellate counsel's motion to withdraw is hereby granted.
 {¶ 19} The judgment of the Toledo Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
 Peter M. Handwork, J., Arlene Singer, J., Thomas J. Osowik, J. CONCUR. *Page 1